WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seaboard Surety Company, a New York corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Grupo Mexico, S.A. de C.V., a Mexican corporation, and DOES I-CI,<br><br>　　　　　　　　　　Defendants. | NO. CIV-06-0134-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Defendant Grupo Mexico, S.A. de C.V.'s ("Grupo Mexico") Motion to Dismiss for Lack of Personal Jurisdiction (dkts. 9-10) and Seaboard Surety Company's ("Seaboard") Motion for Extension of Time to Respond to Defendant Grupo Mexico's Motion to Dismiss and Motion to Permit Jurisdictional Discovery. (Dkt. 12.) After considering the parties' briefs, the Court issues this Order.

**BACKGROUND**

Seaboard, a wholly-owned subsidiary of The St. Paul Fire and Marine Insurance Company ("St. Paul"), is a New York corporation with its principal place of business in Minnesota. (Dkt. 1, Amd.Comp. ¶ 1.) Grupo Mexico, a Mexican corporation and Mexico's largest mining company, has its principal place of business in Mexico City. (Dkts. 10 at 5, 14, Ex.C at 1.) ASARCO LLC ("ASARCO") is an indirect wholly-owned

1  subsidiary of Grupo Mexico that operates an integrated copper-mining, smelting, and
2  refining company in Tucson, Arizona. (Dkt. 14, Ex. H at 2.)
3          Seaboard filed the present case against ASARCO and Grupo Mexico in
4  Arizona state court on July 28, 2005, asserting claims for (i) Reimbursement pursuant to a
5  General Agreement of Indemnity entered into with ASARCO (the "GAI"); (ii) Indemnity
6  pursuant to the GAI; and (iii) Specific Performance of the GAI's provision requiring
7  financial statements from ASARCO. (Dkt. 1 at Initial Complaint.) Less than two weeks
8  later, ASARCO filed a Chapter 11 bankruptcy petition in the United States Bankruptcy
9  Court for the Southern District of Texas. (Dkt. 10 at 2.)
10          On October 13, 2005, Seaboard filed an amended complaint in state court,
11  eliminating ASARCO, and asserting claims for breach of contract and specific performance
12  against Grupo Mexico and "Does I-CI" based on the same factual allegations asserted in the
13  initial complaint. (Dkt. 1, Amd. Complt.) On January 6, 2006, Grupo Mexico removed this
14  action from state court to federal court. (Dkt. 1.)
15          Both Seaboard and Grupo Mexico agree that, on February 16, 2001, Grupo
16  Mexico signed a letter agreement in Mexico City, whereby it agreed to "indemnify St. Paul
17  Surety on behalf of ASARCO Incorporated for . . . three Mission reclamation bonds issued
18  to the USA, Department of the Interior, Bureau of Indian Affairs in the amounts of $7.0
19  million, $760,000, and $3.5 million, respectively" (the "Letter Agreement") (Dkts. 1, Amd.
20  Complt. ¶5; 10 at 3.) The parties also agree that, after the Letter Agreement was signed,
21  Grupo Mexico sent it via facsimile from Mexico City to St. Paul Surety in New York. (Dkt.
22  10, Ex. A at ¶19.) Seaboard alleges that, through the Letter Agreement, Grupo Mexico
23  "guaranteed ASARCO's performance of its indemnity obligations owing under" the GAI.
24  (Dkt. 1, Amd.Complt. ¶46.) Grupo Mexico contends Seaboard has not alleged any
25  judgment entered against it stemming from the Mission Reclamation Bonds or the GAI, and
26  thus Grupo Mexico's duty to "make good the loss resulting from such debt" has not yet

arisen. (Dkt. 10 at 4-5.)

On January 11, 2006, after removing the case to this Court, Grupo Mexico filed a motion to dismiss for lack of personal jurisdiction. (Dkts. 9-10.) In support of its motion, Grupo Mexico submitted the affidavit of Armando Ortega, General Counsel of Grupo Mexico, which purports to identify Grupo Mexico's lack of contacts with the state of Arizona. In addition, Grupo Mexico submitted a consent decree resolving an environmental enforcement action brought by the Department of Justice against ASARCO in United States v. ASARCO, Inc., et al., No. CV-02-2079-PHX-RCB, filed in this Court in February 2003 (the "Consent Decree"). (Dkt. 10, Ex. B.)  Although Grupo Mexico is a signatory to the Consent Decree and bound to certain obligations (see id. at 6, ¶3), Grupo Mexico contends the Consent Decree does not provide general jurisdiction because Grupo Mexico never consented "to general jurisdiction in the State of Arizona for any and all claims unrelated to" the Consent Decree. (Dkt. 10 at 8.)

On January 31, 2006, Seaboard filed a Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and a Motion to Permit Jurisdictional Discovery. (Dkt. 12.) Seaboard requests "a minimum of ninety days to conduct discovery on the issue of personal jurisdiction and to respond to" Grupo Mexico's Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. 12 at 1.) Seaboard alleges specific jurisdiction exists based upon Grupo Mexico's execution of the Letter Agreement, which "caused important economic consequences to occur in Arizona." (Id. at 2; dkt. 1, Amd.Comp. ¶¶5-9.) Seaboard further alleges that general jurisdiction exists (i) "on the grounds that Grupo Mexico conducts business in Arizona through its own actions and that of ASARCO" (dkt. 1, AmdComp. ¶¶10-12), and (ii) because "ASARCO's presence in and contacts with Arizona may be attributed to Grupo Mexico under a theory of alter ego." (Id. ¶¶16-20; dkt. 12 at 3.) Seaboard contends "it should be permitted to take discovery and further develop these grounds for personal jurisdiction." (Dkt. 12 at 4.)

## DISCUSSION

It is well-settled that "[a] court may permit discovery to aid in determining whether it has in personam jurisdiction." Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977). Courts are afforded a substantial amount of latitude in deciding whether to allow parties to conduct jurisdictional discovery while a motion to dismiss is pending. Id. It is also clear that, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." America West Airlines, Inc. v. GPA Group, Ltd., 877 F.2d 793, 801 (9th Cir. 1989) (citations omitted), overruled in part on other grounds by, Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 617-20 (1992); see also Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977) (finding that "[d]iscovery . . . 'should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'") (citation omitted). The rationale for this rule is that the plaintiff may be unable to ascertain the extent of the defendant's contacts with the forum state, particularly when that defendant is a corporation, unless some discovery is permitted.

Having reviewed the parties' briefs, the Amended Complaint, the evidence attached to Seaboard's reply (dkt. 14), and Grupo Mexico's opposition (dkt. 13), the Court concludes that it is appropriate to allow Seaboard to conduct jurisdictional discovery in this matter. Seaboard has demonstrated that Grupo Mexico may have sufficient contacts with the State of Arizona to establish general jurisdiction. Seaboard has also shown that the relationship between ASARCO and Grupo Mexico may be closer than simply a grandparent corporation's relationship to a subsidiary, but the record is not sufficiently clear as to whether any such connections will demonstrate alter ego status sufficient to warrant exercising personal jurisdiction.

/ / /

Grupo Mexico argues that, before obtaining even limited discovery, Seaboard must establish a prima facie case of personal jurisdiction, which it has failed to do. (Dkt. 13 at 4-5.)[1]  Although some courts require that a plaintiff make a prima facie showing of jurisdiction prior to a court allowing a party to conduct discovery, the Ninth Circuit does not. See Orchid Biosciences, Inc. v. St. Louis University, 198 F.R.D. 670, 673 (S.D. Cal. 2001) (finding no authority from the Ninth Circuit to support the proposition that plaintiff must establish a prima facie case of personal jurisdiction before obtaining jurisdictional discovery); Marshall v. McCown Deleeuw & Co., 391 F.Supp.2d 880, 882-83 (D. Idaho 2005) (same); National Union Fire Insurance Co. of Pittsburgh, Pa, v. Aerohawk Aviation, Inc., 259 F.Supp.2d 1096, 1106 (D.Idaho 2003) (same).

Moreover, in the Ninth Circuit, "[w]hen a district court acts on a defendant's motion to dismiss . . . without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted).  It would "therefore be counterintuitive to require a plaintiff, *prior* to conducting discovery, to meet the same burden that would be required in order to defeat a motion to dismiss." Orchid Biosciences, Inc., 198 F.R.D. at 673 (emphasis in original).  Thus, Seaboard is not required to establish a prima facie case of personal jurisdiction before conducting jurisdictional discovery.

The Court also disagrees with Grupo Mexico's assertion that Mr. Ortega's affidavit, which denies the existence of any contacts with the State of Arizona, proves that "further discovery would not demonstrate facts sufficient to establish personal jurisdiction." (Dkt. 13 at 2-4.)

///

---

[1] The Court notes that Grupo Mexico has filed as a "specially appearing defendant. (Dkt. 13 at 1.) However, the Federal Rules of Civil Procedure abolished the technical distinction between general and special appearances. See SEC v. Wencke, 783 F.2d 829, 832 n. 3 (9th Cir. 1986). Now, in all federal courts, including those exercising diversity jurisdiction, the principal method for attacking the court's jurisdiction over the person of a defendant is Rule 12(b)(2).

Ample evidence demonstrates that pertinent facts bearing on the question of jurisdiction are controverted here and a more satisfactory showing of such facts is necessary in order for the Court to rule on Grupo Mexico's Motion to Dismiss for Lack of Personal Jurisdiction.  Specifically, Seaboard disputes Mr. Ortega's testimony that (i) "Grupo Mexico does not maintain an office or . . . any other facilities in Arizona," (ii) "Grupo Mexico has no agents, sales representatives, or any employees whatsoever in Arizona," (iii) "Grupo Mexico does no direct advertising in Arizona," and (iv) "Grupo Mexico has never purposefully directed any of its activities towards or consummated any transaction in Arizona and has never purposefully availed itself of any of the benefits or protections of Arizona laws" (Dkt. 10, Ex. A ¶¶8,10-11,13.) See Dkts. 1, AmdComp. ¶¶ 11-12; 14 at 3-4. Under Ninth Circuit jurisprudence, discovery should be denied only where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for [personal] jurisdiction." Wells Fargo & Co., 556 F.2d at 430 n.24.  The Court is not persuaded that jurisdictional discovery would not reveal additional facts not contained in Mr. Ortega's affidavit that may be sufficient to constitute a basis for personal jurisdiction.

Moreover, contrary to Grupo Mexico's contention, the decisions upon which Seaboard relies are not distinguishable from the facts here. (Dkt. 13 at 4-6.) Mr. Ortega's affidavit does not contend Grupo Mexico has no contacts with Arizona. Rather, Mr. Ortega admits that Grupo Mexico is "the corporate grandparent of ASARCO," and that Grupo Mexico signed a Letter Agreement on behalf of ASARCO in February 2001. (Dkt. 10, Ex. A ¶¶16, 19.) As noted in Orchid Biosciences, there is a "fundamental difference between a declaration or affidavit that attests to a defendant's lack of contacts with the forum state and one that admits contacts but concludes they do not matter." 198 F.R.D. at 674. Based on Arizona law providing that the execution of an apparent guarantee letter which defendant knew was going to be used in a transaction in Arizona provided sufficient minimal contact for the state to exercise in personam jurisdiction, see Hamada v. Valley National Bank, 555

1 P.2d 1121, 1124 (Ariz. App. 1976), the Court rejects Grupo Mexico's assertion that
2 "plaintiff can point to no specific contact of Grupo Mexico with the State of Arizona."
3 (Dkt. 13 at 5.)  Moreover, Seaboard should not be bound solely by the contents of Mr.
4 Ortega's affidavit or by Grupo Mexico's conclusions that any contacts with Arizona are
5 insufficient to establish personal jurisdiction.  Rather, because "pertinent facts bearing on
6 the question of jurisdiction are controverted" and "a more satisfactory showing of the facts
7 is necessary" for this Court to rule on Grupo Mexico's Motion to Dismiss, Seaboard should
8 be permitted to explore the nature of Grupo Mexico's contacts with the State of Arizona
9 and proffer its own arguments regarding personal jurisdiction.

10 Relying on a decision from the Second Circuit Court of Appeals, Jazini v.
11 Nissan Motor Co., Ltd., 148 F.3d 181 (2d Cir. 1998), Grupo Mexico argues that
12 jurisdictional discovery should be denied because Seaboard's alter ego theory is "devoid
13 of a factual basis."  (Dkt. 13 at 6-7.)  Once again, Grupo Mexico relies on the wrong legal
14 standard necessary to obtain jurisdictional discovery.  Jazini denied jurisdictional discovery
15 to the plaintiffs because they failed to establish a prima facie case of jurisdiction.  Jazini,
16 148 F.3d at 186.  The Ninth Circuit's standard for permitting jurisdictional discovery, by
17 contrast, is quite liberal, and the Court finds that even though Seaboard has not made out
18 a prima facie case of jurisdiction as required by other jurisdictions, see supra at 4-5,
19 Seaboard is entitled to jurisdictional discovery.

20 Moreover, the plaintiffs in Jazini sued a Japanese automobile corporation in
21 New York alleging carelessness and negligence in the design, manufacture, and testing of
22 an automobile part, based on injuries they sustained in a car accident in Iran.  148 F.3d at
23 183.  The district court in Jazini referred to the plaintiffs' allegations as "sparse," and the
24 Court of Appeals referred to plaintiffs' "conclusory non-fact-specific jurisdictional
25 allegations."  Id. at 183, 185.  In the instant case, by contrast, Seaboard's jurisdictional
26 allegations are neither sparse nor insufficiently specific; they are simply insufficiently

developed at this point in time to permit judgment as to whether personal jurisdiction over Grupo Mexico is appropriate.  See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1135 (9th Cir.2003) (remanding to district court because insufficient record facts to decide whether alter ego or agency tests met so as to attribute subsidiary's minimum contacts to parent).

Although Seaboard has not proffered substantial evidence supporting the conclusion that Grupo Mexico and ASARCO failed to observe corporate formalities necessary to maintain corporate separateness, it asserts that discovery could yield additional information further establishing the existence of an alter ego relationship between the entities.  The Court finds a more satisfactory showing of the facts is necessary in order to determine whether or not an alter ego relationship exists between Grupo Mexico and ASARCO.  See Data Disc, Inc., 557 F.2d at 1285 n. 1 ("Discovery may appropriately ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.").

Finally, Grupo Mexico argues that Seaboard "should not need discovery to supports its claim of specific jurisdiction" because "[t]he sole basis" for that theory of jurisdiction "is a one-sentence facsimile," the Letter Agreement signed by Grupo Mexico. (Dkt. 13 at 7.)  The Court disagrees with Grupo Mexico that permitting Seaboard to engage in discovery regarding the negotiation of the Letter Agreement will not assist the Court in determining whether Arizona has specific jurisdiction over Grupo Mexico.  (Id. at 8.) Although Seaboard itself likely knows which of its employees were involved the negotiations leading up to the Letter Agreement, and the substance of those negotiations, it is entitled to discovery concerning the facts involved from the perspective of Grupo Mexico, including the individuals involved, where they were located during the negotiations, and the purpose of the Letter Agreement.  Moreover, allowing such discovery will not prejudice Grupo Mexico in this matter.

Because the Court concludes that additional information would be helpful in resolving the issue of personal jurisdiction, it declines to rule on Grupo Mexico's Motion to Dismiss for Lack of Personal Jurisdiction at this time. In addition, the Court finds that it would be unfair to require Grupo Mexico to stand on the Motion to Dismiss currently filed, rather than being provided the opportunity to file a new Motion to Dismiss after jurisdictional discovery has concluded. Therefore, as set forth below, the Court will deny Grupo Mexico's Motion to Dismiss for Lack of Personal Jurisdiction without prejudice and with leave to file a revised or the same motion within 20 calendar days after the conclusion of the ninety day discovery period.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Seaboard's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and Motion to Permit Jurisdictional Discovery (Dkt. 12).

**IT IS FURTHER ORDERED** that the parties shall have ninety (90) days from the date of entry of this order, within which to conduct discovery on the issue of personal jurisdiction. The applicable Federal Rules of Civil Procedure and the Local Rules of the District of Arizona will govern the procedures for serving and responding to interrogatories and requests for production, along with the noticing of any depositions. The parties shall, in good faith, conduct discovery on the issue of personal jurisdiction only, in accordance with the theories of jurisdiction discussed in this Order.

**IT IS FURTHER ORDERED** that Grupo Mexico's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED WITHOUT PREJUDICE TO RE-FILING** the same or a revised motion within twenty (20) court days after the conclusion of the ninety (90) day jurisdictional discovery period. (Dkts. 9-10.) If Grupo Mexico elects to re-file the same Motion to Dismiss, it may do so by filing a notice of re-filing with the Court within the twenty day period.

**IT IS FURTHER ORDERED** that, if Grupo Mexico elects to re-file a Motion to Dismiss for Lack of Personal Jurisdiction, the applicable Federal Rules of Civil Procedure and the Local Rules of the District of Arizona will govern the time periods for filing a response and an optional reply.

**IT IS FURTHER ORDERED** that, **in the event of a discovery dispute, the parties shall contact the Court to request a telephonic conference prior to filing any discovery motions.** The parties shall not contact the Court regarding a discovery dispute unless they have been unable to resolve the dispute themselves, despite personal consultation and sincere efforts to do so. **The parties shall not file any written materials related to a discovery dispute or discovery motion without express leave of Court**. If the Court does order written submissions, the movant shall include a statement certifying that counsel could not satisfactorily resolve the matter despite personal consultation and sincere efforts to do so, in accordance with LRCiv 7.2(j) of the Rules of Practice of the United States District Court for the District of Arizona.

DATED this 12th day of May, 2006.

_____
Stephen M. McNamee
United States District Judge