WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seaboard Surety Company, a New York corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>Grupo Mexico, S.A. de C.V., a Mexican corporation, and DOES I-CI,<br><br>                      Defendants. | NO. CIV-06-0134-PHX-SMM<br><br>**ORDER** |

On July 27, 2006, at the request of counsel for Grupo Mexico, S.A. de C.V. ("Grupo"), the Court held a discovery hearing with counsel for both Grupo and Seaboard Surety Company ("Seaboard"). The hearing was of an urgent nature because, in an order entered May 17, 2006, the Court allowed both parties a limited time period to conduct discovery on the issue of personal jurisdiction, which expires August 15, 2006. (Dkt. 19.)

Among other things, the primary impetus for the hearing was the unilateral cancellation of a deposition by counsel for Seaboard on the afternoon before the deposition was to commence. At the hearing, and in correspondence to opposing counsel, counsel for Seaboard relied on her interpretation of Rule 26 of the Federal Rules of Civil Procedure as authority for the unilateral cancellation. It is the Court's opinion that counsel's interpretation

is incorrect. Even if correct, the unilateral cancellation of a deposition is not sanctioned by the Federal Rules of Civil Procedure. This Court's order (see dkt. 19) and the Federal Rules of Civil Procedure afford access to the Court for resolution of perceived discovery violations. Any further activities of this nature may result in sanctions.

Counsel for both parties were directed to restrain themselves from writing invective and vindictive letters to each other. Their correspondence does not serve the interests of their clients in advancing the case. Given the Court's lengthy discussion with counsel concerning all discovery tactics to date, as well as the Court's explanation as to which tactics were improper, any Motion for Sanctions based on the conduct of all attorneys of record to date will be denied as moot. The case restarts with a clean slate.

During the lengthy hearing, it became clear to the Court that the parties will not be able to conclude discovery by the August 15 deadline. As a result, counsel for both parties agreed to cooperate with each other in a professional manner, pursuant to a new timetable for completing discovery and briefing the issue of personal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED VACATING** the timetable set forth in the Court's previous Order concerning discovery of personal jurisdiction. See Dkt. 19 at 9-10.

**IT IS FURTHER ORDERED** that both parties shall have until October 6, 2006 to complete discovery concerning the issue of personal jurisdiction.

**IT IS FURTHER ORDERED** that Grupo shall file its motion to dismiss for lack of personal jurisdiction no later than November 17, 2006.

**IT IS FURTHER ORDERED** that Seaboard shall file its response to Grupo's motion to dismiss for lack of personal jurisdiction no later than December 15, 2006.

**IT IS FURTHER ORDERED** that Grupo shall file its reply to Seaboard's response to Grupo's motion no later than January 12, 2007.

**IT IS FURTHER ORDERED** that counsel for both parties shall work together in a professional manner to finalize a stipulated protective order to be submitted to the Court for approval.

**IT IS FURTHER ORDERED** that, if the parties cannot agree on whether the deposition of Mr. Garcia shall take place in the United States or in Mexico, counsel for both parties shall, on a date agreed upon by the parties, simultaneously file written briefs no longer than two (2) pages total (including any exhibits and attachments) setting forth each of their respective positions on the issue and legal authorities in support thereof.

**IT IS FURTHER ORDERED** that any Motion for Sanctions based on the conduct of all attorneys of record to date will be denied as moot.

DATED this 28th day of July, 2006.

_____
Stephen M. McNamee
United States District Judge