**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seaboard Surety Company, a New York corporation,<br><br>         Plaintiff,<br><br>v.<br><br>Grupo México, S.A. de C.V., a Mexican corporation, and DOES I-CI,<br><br>         Defendants. | No. CV-06-0134-PHX-SMM<br><br>**ORDER** |

Currently before the Court are Plaintiff Seaboard Surety Company's (Seaboard) Motion to Strike the Renewed Motion to Dismiss filed by Defendant Grupo México, S.A.B de C.V. (Grupo México) and Motion for an Order Requiring Defendant Grupo México to File an Answer to the Amended Complaint (Doc. 104). After careful consideration, the Court finds the following.

**Motion to Strike**

It is well established in the Ninth Circuit that a motion to strike filed pursuant to Rule 12(f) permits the Court to strike pleadings, not motions. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike.") It is undisputed that the Motion to Dismiss (Doc. 94) that Seaboard seeks to have struck by order of this Court is not a pleading, rather it is a motion under the Federal Rules. *See* Fed. R. Civ. P. 7 (distinguishing between pleadings and motions).

1  Therefore, because 12(f) governs pleadings and not motions, Plaintiff is seeking relief that the
2  Court is not permitted to grant under the Federal Rules, and consequently, the motion is denied.

### Motion to Require Grupo México to File an Answer

On July 16, 2007, this Court entered an Order denying as moot Grupo México's initial Motion to Dismiss.[1] However, as counsel for Grupo correctly pointed out, the Court's denial as moot of Grupo México's initial motion to dismiss does not forever bar Grupo México from raising the issue of the Court's lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(h) provides that lack of subject matter jurisdiction is a defense that can never be waived. In the interest of clarification, pursuant to the Court's previous order, **the issue of subject matter jurisdiction was not moot**, because subject matter jurisdiction can never be moot under the Federal Rules of Civil Procedure. It was the motion itself that was rendered moot, strictly for procedural purposes. Denial of Grupo México's initial motion as moot neither extinguishes the Court's duty to consider the issue of subject matter jurisdiction nor does it extinguish Grupo México's right to raise the issue again. Furthermore, the Court finds that Grupo México has no obligation to answer the complaint because the issue of the Court's subject matter jurisdiction remains undecided.[2] Accordingly,

**IT IS HEREBY ORDERED DENYING** Seaboard's Motion to Strike Grupo México's Renewed Motion to Dismiss (Doc. 104).

///
///
///

---

[1] The Court did so because in lieu of filing a Response to the Motion to Dismiss, Seaboard filed a Cross Motion for Summary Judgment, based also on the issue of subject matter jurisdiction. The Court found that at the time, it was not necessary to have pending duplicative motions.

[2] Even in Seaboard's motion for summary judgment, the only issue raised is whether there is a ripe case or controversy.

**IT IS FURTHER ORDERED DENYING** Seaboard's Motion for an Order Requiring Grupo México to File an Answer to the Amended Complaint (Doc. 104).

DATED this 26th day of September, 2007.

_____
Stephen M. McNamee
United States District Judge